46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd HAYES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith HAYES, Defendant-Appellant.
 Nos. 94-5159, 94-5160.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 25, 1994.
Decided Dec. 28, 1994.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-93-12)
 Matthew Victor, Charleston, W VA; Clinton W. Smith, Charleston, W VA, for Appellants. Rebecca A. Betts, United States Attorney, Paul T. Farrell, Assistant United States Attorney, Huntington, W VA, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 In these consolidated appeals, Todd Hayes and Keith Hayes seek review of a district court judgment entered pursuant to a jury verdict finding them guilty of distributing cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988), and conspiring to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C.A. Sec. 846 (West Supp.1994). The appellants initially contend that they were denied their Sixth Amendment right to a fair and impartial jury because the venire did not include any Blacks or other minorities. In order to establish a prima facie case that they were denied a venire constituting a fair cross-section of the community, the appellants had to show the under-representation of a distinctive community group due to the systematic exclusion of that group in the jury selection process. See Duren v. Missouri, 439 U.S. 357, 363-64 (1979). The appellants concededly have produced no such evidence in this case.
 
 
 2
 Moreover, the appellants have not disputed the Government's assertion that jurors in the Southern District of West Virginia, where the appellants were tried, are selected largely from voter registration lists. We have approved the use of voter registration lists as a source for juror selection so long as there is no affirmative discrimination in the registration process. See United States v. Cecil, 836 F.2d 1431, 1444-52 (4th Cir.), cert. denied, 487 U.S. 1205 (1988). Again, the appellants offer no evidence of discrimination, but merely lament that voter registration lists in the area of West Virginia where the appellants were tried fail, in the appellants view, to accurately reflect the minority population of that area because "turnout at the voters' registration offices is, predictably, low." In Cecil, however, we stated that the use of voter registration lists as the basic source for jury selection "will not be invalidated because a group chooses not to avail itself of the right to register without any kind of discrimination." Id. at 1448.
 
 
 3
 Appellants next contend that the trial court abused its discretion by denying their fourth motion for a continuance. They contend that the denial prejudiced them because it afforded them inadequate opportunity to locate, interview, and investigate the Government's witnesses after they received the Government's list of witnesses only five or six days prior to trial. Even at the time of its motion, however, the appellants conceded that the Government had no duty to disclose the identity of its witnesses prior to trial. Moreover, under Fed.R.Crim.P. 26.2, the Government was not required to furnish the defense with any statements made by its witnesses until after such witnesses testified on direct examination. Nonetheless, pursuant to the district court's request, the Government permitted the defense to interview its witnesses prior to their testimony.
 
 
 4
 The appellants cannot credibly complain that the court abused its discretion by declining to allow them more time to prepare a response to information which was provided to them earlier than they had a right to receive it. Moreover, we note that the court granted three previous motions for a continuance by the defense, and that this case, which involved only a single conspiracy count and a single distribution count against each defendant, was not overly complex, and thus did not require unduly extensive preparation time. Under these circumstances, we find no abuse of discretion by the district court. See Morris v. Slappy, 461 U.S. 1, 11-12 (1983).
 
 
 5
 Next, we reject the appellants' challenges to the sufficiency of the evidence supporting their conspiracy convictions. To establish a conspiracy, the government must prove that a conspiracy existed, that the defendants had knowledge of the conspiracy, and that they voluntarily became a part of the conspiracy. See United States v. Chambers, 985 F.2d 1263, 1270 (4th Cir.1993); United States v. Bell, 954 F.2d 232, 236 (4th Cir.1992). Knowledge of, and participation in, the conspiracy may be proved by circumstantial evidence. See United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir.), cert. denied, 484 U.S. 969 (1987), 485 U.S. 991 (1988). The evidence supporting the critical elements of a conspiracy was overwhelming in this case.
 
 
 6
 Former girlfriends of the appellants testified to the appellants' extensive involvement with the distribution of drugs. A former girlfriend of Todd Hayes testified that, on more than one occasion, she observed Todd Hayes divide significant quantities of cocaine into smaller quantities, and package the smaller quantities appropriately. On one occasion, he weighed the smaller quantities on an electronic scale. The appellants' girlfriends also witnessed the Hayes brothers exchanging drugs and large quantities of currency, sometimes directly, and sometimes through intermediaries.
 
 
 7
 Another witness who knew both Todd and Keith Hayes, and worked for the Cabell County West Virginia Sheriff's Department during the time of the conspiracy, testified that Todd and Keith both frequently asked her for information concerning pending police raids and arrests, and whether there were outstanding arrest warrants for either of them. This witness also testified that she provided the appellants with information concerning informants and Federal Drug Task Force activities, such as raids, work schedules, and locations and descriptions of Task Force vehicles. Finally, she testified that both Todd and Keith Hayes threatened her when they learned of her scheduled appearance before the federal grand jury.
 
 
 8
 Numerous witnesses testified to either selling drugs for or purchasing drugs from each of the appellants. Moreover, their testimony established that the appellants interacted extensively with each other in the conduction of drug transactions. For example, when one brother exhausted his supply of drugs, he would refer clients to the other brother. On other occasions, one brother would direct that drug debts owed to him be paid to the other brother. Finally, videotapes of paid informants conducting controlled buys from each appellant were played for the benefit of the jury. Assessing this evidence, as we must, in a light most favorable to the government, see Glasser v. United States, 315 U.S. 60 (1942), we find it clearly sufficient to support the appellants' convictions.
 
 
 9
 We note that the appellants' attorneys have filed a supplemental brief in this case pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that the appellants' presentence reports contained certain non-prejudicial errors. In view of the joint motion of Todd and Keith Hayes urging this Court to disregard these arguments, however, we decline to address the issues raised by the supplemental brief. Accordingly, the judgment order of the district court is affirmed, and the motion by Todd and Keith Hayes to strike the supplemental brief is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.